IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FENTRESS WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-0970-CV-W-ODS |
| | ) |
| SUSANNE MASSEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION DENYING DEFENDANT J.E. DUNN CONSTRUCTION COMPANY'S MOTION TO DISMISS

Pending is Defendant J.E. Dunn Construction Company's ("J.E. Dunn") Motion to Dismiss (Doc. # 15) for lack of subject matter jurisdiction. For the following reasons, the Motion is denied.

### I. BACKGROUND

Stated generally, Plaintiff alleges that J.E. Dunn hired Sunset Security, Inc. to provide security for one of its construction sites. Sunset Security employed Susanne Massey as a security guard. On November 25, 2005, Massey contacted the Kansas City, Missouri Police Department and reported she had been assaulted while on duty at the construction site. On December 20, 2005, the police showed Massey a photographic lineup of possible assailants, and she chose Plaintiff as the person who had assaulted her. Plaintiff was subsequently arrested and incarcerated for 311 days before being released. He was never tried. Plaintiff asserts various allegations of police and prosecutorial misconduct under 28 U.S.C. § 1983. He also alleges that J.E. Dunn was negligent in hiring Sunset Security.

### II. DISCUSSION

J.E. Dunn argues, and Plaintiff appears to agree, that the only claim against J.E.

Dunn is a state law claim. However, the crux of Plaintiff's lawsuit involves federal § 1983 claims against other defendants. Plaintiff asserts that his claim against J.E. Dunn is related to the federal claims in the action, such that they form "part of the same case or controversy," thereby bringing the state law claim within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

J.E. Dunn admits that "the claims against J.E. Dunn do arise out of the same realm of facts as the claims against the other defendants." Suggestions in Support, pp. 6. However, it argues that § 1367(c) gives the Court discretion to decline exercising supplemental jurisdiction over the claim. Specifically, it asserts that the Court should decline to exercise jurisdiction over Plaintiff's claim against J.E. Dunn under § 1367(c)(2), because the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction" and (c)(4), because exceptional circumstances provide compelling reasons to decline jurisdiction.

The Court concludes that neither of these exceptions apply. Plaintiff's negligence claim against J.E. Dunn does not predominate over the federal claims against the other defendants. To the contrary, most of Plaintiff's claims are constitutional in nature. At best, J.E. Dunn could argue that the claim against it is unrelated to the other federal claims. However, all of Plaintiff's alleged damages stem from his incarceration. If Plaintiff was wrongly incarcerated, his damages could be partially attributable to the alleged negligence of J.E. Dunn. Conversely, if Plaintiff was not improperly incarcerated, then he has no damages, and thus would not be able to prove his negligence claim against J.E. Dunn. The alleged negligence of J.E. Dunn was the start of a chain of events that make up the rest of his federal claims. Finally, J.E. Dunn does not explain what exceptional circumstances are present that provide a compelling reason for this Court to decline jurisdiction. Therefore, the Court concludes that it has supplemental jurisdiction over Plaintiff's claim against J.E. Dunn pursuant to 28 U.S.C. § 1367.

2

Case 4:08-cv-00970-ODS   Document 37   Filed 03/04/09   Page 2 of 3

## III. CONCLUSION

For the foregoing reasons, J.E. Dunn's Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: March 4, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3